# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KEN W. MATTHEWS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-481 |
| | § | |
| THE GIVING DAYS FOUNDATION, INC., d/b/a | § | |
| RAY REYNOLDS SURVIVED, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for default judgment filed by plaintiff Ken W. Matthews. Dkt. 11-2. Defendant the Giving Days Foundation, Inc., d/b/a Ray Reynolds Survived, was served on March 27, 2019, but has not answered Matthews's complaint or otherwise appeared. *See* Dkt. 7. Matthews filed his motion for default judgment on September 10, 2019, and he sent it to the defendant via certified mail return receipt requested as required by Local Rule 5.5. The defendant has not responded. After considering the motion, the complaint, and the applicable law, the court is of the opinion that the motion for default judgment should be GRANTED.

## I. BACKGROUND

Matthews contends that he began receiving unsolicited robo-calls from the defendant on his cellular phone in late 2017. Dkt.1. During the calls, the defendant allegedly provided a number the plaintiff could select to opt out of the calls. *Id.* However, Matthews attempted to opt out using this number during the first ten robo-calls, and he continued to receive the calls. *Id.* The defendant also allegedly sent Matthews several unsolicited text messages. *Id.* Matthews replied "stop," but the text messages did not stop. *Id.* Matthews contends that the defendant placed or caused to be placed 101

harassing phone calls and text messages from late 2017 until the present day. *Id.* Matthews also contends that the defendant harassed him on back to back days. *Id.* He asserts that the defendant's "wanton and malicious conduct" severely impacted his daily life and general well being, that he had to expend time consulting with attorneys due to this harassment, and that he was unduly inconvenienced by the defendant's attempts to solicit his business. *Id.* He asserts claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as the defendant used an automatic telephone dialing system or prerecorded messages on the calls and a telephone facsimile machine for transmitting text for the text messages. *Id.* He contends that the defendant is liable for a minimum of $500 per phone call under 47 U.S.C. § 227(b)(3)(B) and that the defendant's willful and knowing violations trigger the court's discretion to triple the damages under 47 U.S.C. § 227(b)(3)(C). *Id.* In the complaint, Matthews seeks these damages as well as costs and reasonable attorney's fees, and injunction prohibiting the defendant from further contacting Matthews, and any other relief the court deems just and appropriate. *Id.*

In his motion for default judgment, the plaintiff seeks $60,000 pursuant 47 U.S.C. §§ 227(b)(3)(B) & (C) for at least 40 phone calls at $1,500 per call. Dkt. 11. He also seeks $3,282.75 in reasonable attorney's fees and costs as well as interest on the judgment. *Id.* He served the motion for default on the defendant via certified mail, return receipt requested and he filed an affidavit that supports the request for attorney's fees and states that the defendant, a business, is not in the military. Dkts. 11, 11-1, 11-2.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule

2

55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.* A default judgment, thus, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true. *Nishimatsu*, 515 F.2d at 1206.

A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 App. U.S.C. § 521(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 521(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

## III. ANALYSIS

First, the court finds that Matthews has satisfied the procedural requirements for obtaining a default judgment. It now turns to the substance of his claims.

Under 47 U.S.C. § 227(a), the term "automatic telephone dialing system" means "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." The types of calls Matthews contends he was receiving from the defendant in his complaint meet this definition. *See* Dkt. 1. Matthews alleges he was also receiving texts in his complaint, but he only seeks a default judgment as to 40 phone calls. *See* Dkt. 1, Dkt. 11. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful to "make a call . . . using any automated telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." Taking the allegations in Matthews's complaint as true, the defendant violated this statute by causing robo-calls with pre-recorded messages to be made to his cellular device. *See* Dkt. 1. Under 47 U.S.C. § 227(b)(3), a person may bring a private right of action for violations of 47 U.S.C. § 227(b) to recover "actual monetary loss from such violation, or to receive $500 in damages for each such violation, whichever is greater . . . ." Additionally, if the "court finds that the defendant willfully and knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(B)–(C). The court finds that the facts pled, taken as true, indicate that the defendant knowingly and willfully violated the subsection and continued to call Matthews even after he used the process to inform the defendant not to call any more. *See* Dkt. 1.

Matthews seeks $1,500 each for 40 phone calls, which includes $500 per call in statutory damages under 47 U.S.C. § 227(b)(3)(B) and $1,000 per call in statutory damages under 47 U.S.C. § 227(b)(3)(C). Dkt. 11. The court finds that additional damages in the amount of $500 per call is reasonable for these knowing and willful violations. Accordingly, Matthews's request for a default judgment under 47 U.S.C. § 227(b)(3)(B) for the violations is GRANTED, and Matthews is AWARDED $500 per call for the 40 calls for which he now seeks recovery. His request for additional damages for willful and knowing conduct under 47 U.S.C. § 227(b)(3)(B)–(C) is GRANTED IN PART, and Matthews is AWARDED $500 additional damages per each of the 40 calls.

Matthews also seeks attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). Dkt. 11-2. However, § 1692k(a)(3) relates to awarding attorneys' fees in cases involving debt collectors. 15 U.S.C. § 1692k(a)(3). According to Matthews's complaint, the defendant here is a credit solutions company. Dkt. 1. "The Telephone Consumer Protection Act is not a fee-shifting statute," and the American Rule that litigants must cover their own legal costs applies. *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016). Accordingly, Matthews's request for an award of attorney's fees is DENIED.

The court may, however, award costs to the prevailing party under Federal Rule of Civil Procedure 54(d)(1). The court finds that costs are appropriate, and Matthews may file a Bill of Costs pursuant to 28 U.S.C. § 1920 after the court enters final judgment.

Finally, Matthews request that "judgment interest be added." Dkt. 11. The court may award post-judgment interest pursuant to 28 U.S.C. § 1961, so Matthew's request for post-judgment interest is GRANTED.

## IV. OTHER CLAIMS

In his complaint, Matthews asserts common law claims for invasion of privacy-intrusion upon seclusion, intentional infliction of emotional distress, and trespass to personal property, and he seeks an injunction as well as recovery under the TCPA for text messages (the "Other Claims"). Dkt. 1. However, he does not mention any of the Other Claims in his motion for default judgment or in his proposed order granting the motion. Matthews shall advise the court within fourteen (14) days of the date of this order if he still wishes to pursue the Other Claims. If Matthews does not advise the court regarding the Other Claims within this time period, the court will understand his non-response as a decision to not prosecute the Other Claims and will dismiss the Other Claims for want of prosecution and enter a final judgment.

## V. CONCLUSION

Matthews's motion for a default judgment is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to Matthews's request for $500 per phone call for 40 phone calls, his request for costs (as allowed by 28 U.S.C. § 1961), and his request for post-judgment interest. It is DENIED with respect to his request for attorney's fees, which are not included in the TCPA, and as to the amount to increase the award for willful and knowing violations, which is in the court's discretion. The court will increase the base award by $500 per phone call for each of the 40 calls for willful conduct.

Therefore, Matthews is AWARDED:

(1) $20,000 pursuant to 47 U.S.C. § 227(b)(3)(B);

(2) $20,000 pursuant to 47 U.S.C. § 227(b)(3)(C);

(3) Costs as allowed under 28 U.S.C. § 1920, the exact amount to be determined after Matthews files his Bill of Costs, which he may file after the court has entered final judgment; and

(4) Post-Judgment interest from the date of final judgment, as calculated under 28 U.S.C. § 1961.

The court will enter a final judgment outlining this award as soon as the Other Claims are resolved.

Signed at Houston, Texas on October 8, 2019.

_____
Gray H. Miller
Senior United States District Judge